IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRY DOUGHERTY, EXECUTOR OF THE :
ESTATE OF GERALD DOUGHERTY, DECEASED, :
:
Plaintiff :
v. : CIVIL ACTION
: NO. 17-0184
KWLT LLC, t/d/b/a PLATINUM PLUS, :
:
Defendant :
v. :
:
ELITE EXECUTIVE PROTECTION, LLC, :
:
Third Party Defendant :

**Henry S. Perkin, M.J.** September 26, 2017

## MEMORANDUM

This matter is before the Court on Defendant, KWLT, LLC t/d/b/a Platinum Plus's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), which motion was filed February 20, 2017.[1] Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) was filed March 1, 2017, and the Reply to Plaintiff's Opposition of Defendant, KWLT, LLC t/d/b/a Platinum Plus's Motion to Dismiss Plaintiff's Complaint was filed March 8, 2017. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

---

[1] A Memorandum of Law in Support of Motion of Defendant, KWLT, LLC t/d/b/a Platinum Plus to Dismiss Plaintiff's Complaint was filed in conjunction with the motion to dismiss. See Dkt. No. 6-2.

## Procedural History

On November 28, 2016, Plaintiff Harry Dougherty, as Executor of the Estate of Gerald Dougherty, Deceased, initiated this matter by filing a civil action complaint against KWLT, LLC t/d/b/a Platinum Plus ("Platinum Plus") in the Court of Common Pleas of Lehigh County. The Complaint alleges causes of action sounding in negligence as well as a violation of the Pennsylvania Dram Shop Act (47 P.S. §4-493(1) and 47 P.S. §4-497) stemming from an incident that occurred on December 24, 2015 at Platinum Plus, an adult entertainment club, which resulted in the death of Gerald Dougherty ("Decedent").

By timely Notice of Removal filed January 11, 2017, and pursuant to the diversity of citizenship provisions of 28 U.S.C. §1332,[2] Platinum Plus removed this action from the Lehigh County Court of Common Pleas to this District. The diversity of citizenship jurisdiction raises the choice of law issue regarding which jurisdiction's law should apply. A federal court sitting in diversity applies the choice of law principles of the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-497 (1941). In this case, because Pennsylvania is the forum state for this action, Pennsylvania's substantive law will apply.

---

[2] This action was commenced in the Court of Common Pleas of Lehigh County, Pennsylvania and was subsequently removed to this District because diversity of citizenship exists between the parties. This Court has jurisdiction pursuant to 28 U.S.C. §1332. According to the Complaint, Plaintiff, Harry Dougherty, Executor of the Estate of Gerald Dougherty, Deceased, is a citizen of the Commonwealth of Pennsylvania, residing in Philadelphia County. Defendant Platinum Plus is a citizen of the State of Florida, as it is a limited liability corporation with its sole member domiciled in Florida.

**Facts**

According to the Complaint, the pertinent facts to this Court's determination are as follows:

On December 24, 2015, and into the early morning hours of December 25, 2015, Decedent, Gerald Dougherty, was present as a business invitee at Platinum Plus, an adult entertainment club, located at 1251 Airport Road, Allentown, Pennsylvania. See Complaint ¶¶ 5, 8. Platinum Plus served and/or dispensed alcoholic beverages. See Complaint ¶ 5. The Complaint avers that Decedent was served alcoholic beverages by the employees of Platinum Plus despite being visibly intoxicated. See Complaint ¶¶ 8-9. More specifically, it is alleged that the Decedent demonstrated an inability to walk in a normal manner, increased verbal aggression, and a physical appearance that suggested visible intoxication. See Complaint ¶ 10. Despite these alleged signs of visible intoxication, the employees of Platinum Plus continued to serve alcoholic beverages to the Decedent. See Complaint ¶ 11.

Platinum Plus employed security personnel to prevent visibly intoxicated patrons from harming themselves or others. See Complaint ¶ 12. The Complaint alleges that, on the night in question, security personnel employed by Platinum Plus observed the Decedent in a highly intoxicated state while he was present in the club. See Complaint ¶ 13. Decedent became verbally aggressive, and had difficulty walking such that he was stumbling and falling inside Platinum Plus. See Complaint ¶ 15. Following these observations, the employees and/or security from Platinum Plus removed Decedent from the club, escorted him outside, and stood him up against the outside wall. See Complaint ¶ 16. Decedent was unable to stand without assistance in his intoxicated state, and fell from his standing position, violently striking his head

and sustaining serious injuries.  See Complaint ¶ 17.  At no time was Decedent called a cab, put in a sitting position, or given any other aid from any of the employees or security personnel at Platinum Plus.  See Complaint ¶ 18.

The City of Allentown EMS arrived on scene at approximately 1:30 a.m., at which time Decedent was unconscious with fixed and dilated pupils.  See Complaint ¶ 21. Decedent was taken to St. Luke's Hospital in Allentown where he was pronounced dead on December 26, 2015, at approximately 1:04 p.m., following a brain flow study.  See Complaint ¶ 22.  Decedent's blood ethanol level upon admission was .20%.  See Complaint ¶ 23. Plaintiff avers that Decedent's death was the result of Platinum Plus's negligence, recklessness, and carelessness.  See Complaint ¶¶ 25-26.

## Standard of Review

Rule 12 of the Federal Rules of Civil Procedure enumerates various defenses and objections a party may raise in response to a pleading. See Fed. R. Civ. P. 12.

**Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

4

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) (citing Papasan v. Allain, 478 U.S. 265, 268 (1986)).

In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

**Fed. R. Civ. P. 12(f)**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); Ulearey v. PA Servs., Inc., No. 16-4871, 2017 WL 1283946, at *4 (E.D. Pa. Apr. 6, 2017). Content is immaterial when it "has no essential or important relationship to the claim for relief." Id. (citing Donnelly v. Commonwealth Fin. Sys., No. 07-1881, 2008 WL 762085, at *4 (M.D. Pa. March 20, 2008) (citing Delaware Healthcare, Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291-1292 (D. Del. 1995)). Content is impertinent when it does not pertain to the issues raised in the complaint. Id. (citing Cech v. Crescent Hills Coal Co., No. 96-2185, 2002 WL 31002883, at *28 (W.D. Pa. July 25, 2002)). Scandalous material "improperly casts a derogatory light on someone, most typically on a party to the action." Id. (citing Carone v. Whalen, 121 F.R.D. 231, 233 (M.D. Pa. 1988)).

5

"[M]otions to strike are disfavored and usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" Druffner v. O'Neill, 2011 WL 1103647, at *3 (E.D. Pa. March 24, 2011) (citing Kim v. Baik, 2007 WL 674715, at *5 (D. N.J. Feb. 27, 2007) (quoting River Road Dev. Corp. v. Carlson Corp., 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). Motions to strike are to be decided "on the basis of the pleadings alone." North Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 159 (E.D. Pa. 1994) (citations omitted). Striking a pleading or a portion of a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (quotations omitted).

## Discussion

Although titled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Platinum Plus specifically contends that certain averments in Counts I, II and IV of Plaintiff's Complaint are objectionable and fail to state a claim upon which relief can be granted. Specifically, Platinum Plus requests that the following averments be dismissed with prejudice: Count I (Negligence) - ¶28 (a), ¶28 (i), ¶28 (j), ¶28 (k); Count II (Dram Shop) - ¶30 (a), ¶30 (b), ¶30 (c), ¶30 (e), ¶30 (f), ¶30 (g), ¶30 (h), ¶30 (i), ¶30 (j), ¶30 (k), ¶30 (l), ¶30 (m); Count IV (Survival) - ¶39 (a), ¶39 (i), ¶39 (j), ¶39 (k). Based on the Court's reading of the motion, it appears that Platinum Plus is seeking to dismiss only certain averments as objectionable, as opposed to entire claims. Accordingly, it appears as though the more appropriate rule for this Court to focus on is Federal Rule of Civil Procedure 12(f).

**Count I - Claim for Negligence**

As noted above, Plaintiff has brought a claim against Platinum Plus for negligence. In order to demonstrate a *prima facie* case of negligence, "[a] plaintiff must prove four elements to establish negligence by a defendant: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Toro v. Fitness Int'l LLC, 150 A.2d 968, 976-77 (Pa. Super. 2016).

In this matter, the Complaint specifically asserts that the Decedent was a business invitee of Platinum Plus. See Complaint ¶ 8. "The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." Truax v. Roulhac, 126 A.3d 991, 997, appeal denied, 634 Pa. 737, 129 A.3d 1244 (2015) (citing Charlie v. Erie Ins. Exch., 100 A.3d 244, 253 (Pa. Super.2014) (quoting Emge v. Hagosky, 712 A.2d 315, 317 (Pa.Super.1998))). Plaintiff has also pled that personnel of Platinum Plus breached its duty to Decedent by placing him in a standing position against the wall outside its premises while he was in an intoxicated state. See Complaint ¶ 28(d), (m), (o). Plaintiff has further pled that the duty was breached by personnel's subsequent inaction and failure to ensure his safety. See Complaint ¶ 28(e), (l), (g), (h), (n). Plaintiff has further pled that the injuries sustained in the fall caused Decedent's death. We conclude, based on our review of the Complaint, that, at this point in the litigation, Plaintiff has successfully pled a claim of negligence.[3]

---

[3] We find inapposite Platinum Plus' argument that no duty existed as to Decedent. In its reply, Platinum Plus argues that the court in Druffner v. O'Neill, 2011 WL 1103647 (E.D. Pa. 2011) (Buckwalter, J.) dismissed the negligence claim finding that there was "no duty to control the conduct of a third party to protect

In his responsive brief, Plaintiff asserts that he has no objection to the dismissal of the averments in ¶ 28(a), (i), and (j) to the extent they are duplicative of his Dram Shop allegations in Count II. Accordingly, we will grant the Platinum Plus's motion to strike as to those averments. As far as ¶ 28(k) is concerned, however, we will deny Platinum Plus's motion to strike this averment.[4] Based on this Court's review, we find that this averment does not include any matter so controversial or confusing as to cause prejudice to Platinum Plus. Platinum Plus has not shown that 12(f) requires this allegation to be stricken from the Complaint at this time.

---

another from harm, except where a defendant stands in some special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct which gives the intended victim a right to protection." Druffner, 2011 WL 1103647, at *4 (citations omitted). Druffner refused to extend a duty of care on the part of the bar owner to a third party who was injured by an individual who appeared visibly intoxicated and was refused re-entry to the bar. The matter before the Court does not involve a third party. To the contrary, Decedent in this matter was clearly a business invitee, and owed the highest duty of care.

Moreover, to the extent that Platinum Plus argues that a common law negligence claim and a claim alleging a violation of the Dram Shop Act cannot be brought together, we find that Platinum Plus has failed to provide case law to support this assertion. Although Platinum Plus cites to Druffner, we note that Druffner did not resolve the issue, but only noted that the Pennsylvania courts are split on whether or not the Dram Shop Act is an exclusive remedy for plaintiffs, referring to third party liability under section 4–497 of the Dram Shop Act. Druffner v. O'Neill, Civ. A. No. 10-04298, 2011 WL 1103647 at *3-4 (E.D. Pa. March 24, 2011). Although the law on visible intoxication is similar to Section 4-497, the case before us involves individual liability under Section 4-493(1). We agree that Pennsylvania courts are split on this issue and no brightline rule currently exists. At this stage in the litigation, however, we find that a determination as to whether Dram Shop liability is an exclusive remedy is premature, as it is common practice to allow parties to plead alternate theories of liability.

[4] ¶28(k) of Plaintiff's Complaint avers as follows:

> 28. The injuries sustained by the Decedent, Gerald Dougherty, were the direct and/or proximate result of the carelessness, negligence and recklessness of the Defendant, Platinum Plus, individually, and vicariously by and through their agents, servants, workmen and/or employees, in the following respects:
>
> > k) In then and there failing to provide patrons easy access to alternative means of transportation when they know or should know patrons will become intoxicated and become unfit to drive and/or become a danger to themselves or others; . . .

## Count II - Claim for Dram Shop Violation

In Count II of the Complaint, Plaintiff brings a claim against Platinum Plus for a violation of the Dram Shop Act. Section 4–493 of the Dram Shop Act sets forth the duties associated with the serving of alcohol:

> **It shall be unlawful . . . [fo]r any licensee . . . to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated,** or to any minor: Provided further, [t]hat notwithstanding any other provision of law, no cause of action will exist against a licensee . . . furnishing or giving any liquor or malt or brewed beverages or permitting any liquor or malt or brewed beverages to be sold, furnished or given to any insane person, any habitual drunkard or person of known intemperate habits unless the person sold, furnished or given alcohol is visibly intoxicated or is a minor.

47 P.S. § 4–493(1) (emphasis added).

While "[t]raditionally, liability is established after a finding is made that a duty existed, a breach of that duty occurred, and the resulting harm was proximately caused by the breach . . . , [Section 4–493] clearly imposes a duty on [liquor licensees] to refrain from selling liquor to a visibly intoxicated individual." Schuenemann v. Dreemz, LLC, 34 A.3d 94 (Pa. Super. 2011) (citing Detwiler v. Brumbaugh, 656 A.2d 944, 946–947 (Pa. Super. 1995). "A violation of the statute is negligence *per se* and if the violation was the proximate cause of the plaintiff's injury, the defendant is liable for it." Id. (citing Cron v. Sarjac, Inc., 714 A.2d 1024, 1025 (Pa. 1998). "Thus, in order for [a plaintiff] to recover, they must prove two things: (1) that an employee or agent of [the defendant] served the decedent alcoholic beverages at a time when he was visibly intoxicated; and (2) that this violation of the statute proximately caused [the decedent's] injuries and ultimate death." Id. (citing Fandozzi v. Kelly Hotel, Inc., 711 A.2d 524,

9

525–526 (Pa. Super. 1998); Miller v. Brass Rail Tavern, Inc., 702 A.2d 1072, 1078 (Pa. Super. 1997)).

In its motion, Platinum Plus avers that Plaintiff has made several objectionable averments with respect to the Dram Shop claim, and seeks dismissal of the following averments: Count II (Dram Shop) - ¶30 (a), ¶30 (b), ¶30 (c), ¶30 (e), ¶30 (f), ¶30 (g), ¶30 (h), ¶30 (i), ¶30 (j), ¶30 (k), ¶30 (l), and ¶30 (m). These allegations include: selling and continuing to sell and serve alcoholic beverages to the Decedent when he was visibly intoxicated (¶30 (a)); failing to detect that the Decedent was in a visibly intoxicated and inebriated condition (¶30 (b)); selling and continuing to sell and serve alcoholic beverages to the Decedent when Platinum Plus knew or had reason to know that the imbibing of multiple alcoholic beverages by an individual constitutes a risk of harm and renders him dangerous to himself and others by virtue of his being in an intoxicated condition (¶30 (c)); failing to establish, monitor, and administer training, programs and operating procedures designed to identify and assist visibly intoxicated patrons such as those set forth in Pennsylvania Statute 47 P.S. Section 4-471.1, "Responsible Alcohol Management," whose purpose is to train alcohol service personnel as well as managers/owners of licensed establishments to prevent service to visibly intoxicated persons and to develop an appropriate alcohol service policy (¶30 (e-g)); having a policy and practice of continuing to serve persons without adequately checking to see whether the person was in fact intoxicated, or exhibited signs of visible intoxication (¶30 (h)); failing to have and enforce policies and practices which include a drink cut-off limit for alcoholic beverages (¶30 (i)); failing to have and enforce policies and practices which include a time limit so that Platinum Plus's alcohol service personnel and managers would not sell alcohol and/or serve alcohol after patrons had been drinking alcohol for

a defined period of time (¶30 (j)); having a policy and practice to encourage patrons to continue drinking alcohol after they became visibly intoxicated (¶30 (k)); tacitly approving alcohol service personnel and other employees violating Pennsylvania Law by selling and serving alcohol, liquor, malt and brewed beverages to patrons until they became intoxicated and, continuing thereafter to serve them alcohol while visibly intoxicated (¶30 (l)); and failing to have or enforce any policy or practice of proactively and effectively monitoring their employees engaged in the serving of alcoholic beverages (¶30 (m)). See Complaint ¶ 30.

In making a determination with respect to these Dram Shop averments, we find the case of Druffner, and the reasoning set forth by the Honorable Ronald L. Buckwalter, to be persuasive. Druffner, 2011 WL 1103647 (E.D. Pa. 2011) (Buckwalter, J.) In Druffner, the defendants, just like Platinum Plus in the case before us, sought to strike allegations of behavior they alleged were not related to the serving of alcohol to an intoxicated person. The allegations in Druffner bear much resemblance to the averments Platinum Plus seeks to dismiss in this matter. In fact, the defendants in Druffner sought to dismiss the following averments: failing to stop service prior to visible intoxication; failing to limit drinks consumed in a certain time frame; failing to properly train or supervise staff; and failure to investigate or have a corporate policy to determine whether alcohol was being served to [an individual] while they were visibly intoxicated. Druffner, 2011 WL 1103647, at *2. In declining to dismiss those allegations, Judge Buckwalter noted, "[h]ere, while Plaintiff's allegations of behavior not related to the serving of alcohol to an intoxicated person may not bolster Plaintiff's Dram Shop claim, the allegations do not include any matter so controversial or confusing as to cause prejudice to Moving Defendants." Id. at *3. Based on our review of the averments Platinum Plus seeks to dismiss,

we agree that they do not include any matter so controversial or confusing so as to cause prejudice to Platinum Plus. Accordingly, we will not dismiss those averments.

We find additional support for our determination in the case of Schuenemann v. Dreemz LLC, 34 A.3d 94 (Pa. Super. 2011), wherein the Pennsylvania Superior Court determined that evidence concerning the absence of certification and policies by a defendant bar was properly admitted as rebuttal evidence that the bar's employees were properly trained as well as to establish causation. More specifically, the defendant bar, Dreemz, raised the following issue on appeal:

> Whether this Honorable Court should grant a new trial when the trial court improperly allowed [plaintiff] to present a general negligence claim against Dreemz, and to present improper and prejudicial evidence, despite the clear statutory language contained in 47 P.S. § 4-493(l) and 47 P.S. §4-497 limiting [plaintiff's] cause of action to service of alcohol to a visibly intoxicated person?

Schuenemann, 34 A.3d at 98.

The Superior Court summarized Dreemz' argument as follows:

> Dreemz asserts that the Pennsylvania Dram Shop Act, which provides that a licensee is subject to liability only where the licensee served alcohol to an individual who was visibly intoxicated, limits the evidence a plaintiff may introduce at trial. Specifically, Dreemz contends that the Dram Shop Act limits the plaintiff to the provision of evidence designed to show that the licensee served alcohol to a visibly intoxicated person, and precludes the plaintiff from presenting extraneous evidence that would not trigger such liability. On this basis, Dreemz asserts that the trial court in the present case erred in allowing the jury to hear evidence about Dreemz' internal policies and procedures, including training of employees and its policy with regard to calling taxicabs for intoxicated patrons, its video surveillance equipment and usage, the identity of the manager on duty the night of the incident, and the nature of its conditional licensing agreements with the Liquor Control Board. . . . Dreemz argues that this evidence was

> impermissible because it did not trigger a cause of action under 47
> P.S. § 4–493, which limits liability to serving alcohol to visibly
> intoxicated persons. Dreemz contends that the introduction of
> evidence regarding Dreemz' internal procedures and its compliance
> with extraneous and unrelated provisions of the Liquor Code was
> irrelevant to the material issue at trial, highly prejudicial, and that
> the trial court erred in failing to limit the introduction of such
> evidence.

Id. at 100.

The Superior Court then affirmed the trial court's decision on the basis that the foregoing evidence was properly admitted because it was "appropriate rebuttal to the Dreemz defense that its personnel were trained. Moreover, the absence of certification and policies were proper evidence to establish causation." Id. at 101. More specifically, the Superior Court noted as follows:

> Under the Dram Shop provisions of the Liquor Code, liquor
> licensees are entrusted with monitoring the patrons to whom they
> serve alcohol, in order to detect visible signs of intoxication. To
> this end, the responsible alcohol management provisions of the
> Liquor Code (RAMP) require certified licensees such as Dreemz to
> train and inform their employees about Pennsylvania law relating
> to the sale, furnishing, and serving of alcoholic beverages to
> minors and visibly intoxicated persons. *See* 47 P.S. § 4–471.1. In
> the instant case, therefore, evidence regarding Dreemz' compliance
> with the Liquor Code RAMP requirements for its employees, as
> well as evidence regarding the internal policies for Dreemz'
> employees with regard to service of alcohol to visibly intoxicated
> persons, was relevant and material to the issue to be determined at
> trial, i.e., whether Dreemz served alcohol to a visibly intoxicated
> person. Therefore, we find no error in the trial court's rejection of
> Dreemz' motion to exclude such evidence.

Id. at 101. Although not directly on point in that the Schuenemann case involved the admission of evidence at trial, we find that the Superior Court's ultimate decision provides further support for our determination that the various averments alleged in ¶ 30 of Plaintiff's Complaint do not

13

include any matter so controversial or confusing as to cause prejudice to Platinum Plus.

### Count IV - Claim for Survival

In Count IV of the Complaint, Plaintiff avers that the fatal injuries sustained by the Decedent were the direct and proximate result of the carelessness, recklessness, and negligence of Platinum Plus. See Complaint ¶ 39. Based on our review of the Complaint, and as evidenced above, we find that Plaintiff has successfully pled that Platinum Plus acted in negligent manner that resulted in the death of Decedent. Plaintiff further avers that as a result of the death of Decedent, certain damages were suffered by the Estate, including the monetary value of the earning power of the Decedent during his remaining life expectancy, less the costs of his maintenance, plus the pain and suffering endured by the Decedent prior to his death. See Complaint ¶ 40. We conclude that Plaintiff has appropriately pled a claim for survival based upon the allegations of negligence set forth in the Complaint.

In its motion, Platinum Plus seeks to dismiss the identical averments in the survival claim in Count IV that it sought to dismiss with respect to the negligence claim in Count I.[5] Specifically, Platinum Plus seeks to dismiss ¶ 39(a), ¶ 39(i), ¶39 (j), and ¶39 (k) in Count IV - Survival. We note that Plaintiff does not specifically address these averments in his response. However, we will follow the reasoning set forth above with respect to the negligence claim and dismiss the averments that Plaintiff agreed to withdraw with respect to its negligence claim to the extent they are duplicative of his Dram Shop allegations in Count II. According, we will grant Platinum Plus's motion to strike ¶39 (a), ¶39 (i), and ¶39 (j). At this time, we will deny Platinum

---

[5] Based on our review of the Complaint, the averments stated at ¶28 (a), (i), (j), and (k) in Count I are identical to the averments stated at ¶39 (a), (i), (j), and (k) in Count IV.

14

Plus's motion to strike ¶39 (k). This averment does not include any matter so controversial or confusing as to cause prejudice to Platinum Plus, and Platinum Plus has not demonstrated that 12(f) requires this allegation to be stricken from the Complaint.

### **Conclusion**

Defendants motion to dismiss is granted insofar as Platinum Plus seeks to dismiss the following averments from the Complaint: Count I (Negligence) - ¶ 28 (a), (i), and (j) and Count IV (Survival) - ¶ 39 (a), (i), and (j). In all other respects, the motion to dismiss is denied.

An Order follows.